IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION

**ERICA HOBBS,** *Individually, and*
*on behalf of herself and all other similarly*
*situated current and former employees*,

    Plaintiff,

  v.

**FW OF KNOXVILLE 1, LLC** *and*
**CAPSTONE CONCEPTS, LLC,**
*d/b/a* **FIRST WATCH RESTAURANTS,**

    Defendants.

**CASE NO. _____**

**FLSA Opt-in Collective Action**
**JURY DEMANDED**

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff, Erica Hobbs, individually, ("Plaintiff"), and on behalf of herself and other similarly situated current and former tipped employees (servers) of Defendants, brings this collective action against FW of Tennessee 1, LLC and Capstone Concepts, LLC, d/b/a First Watch Restaurants ("Defendants") and alleges as follows:

### I.    INTRODUCTION

This lawsuit is brought against Defendants as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* to recover unpaid minimum wages and other damages owed to Plaintiff and other similarly situated current and former tipped employees (servers) of Defendants, who are members of a class as defined herein.

1

## II. JURISDICTION AND VENUE

1. The FLSA authorizes court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions. Jurisdiction over Plaintiff's FLSA claims is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiff was employed by and performed work for Defendants in this district, Defendants regularly have conducted and continue to conduct business in this district, and Defendants have engaged and continue to engage in wrongful conduct alleged herein in this district, during all times material to this action.

## III. CLASS DESCRIPTION

3. Plaintiff brings this action on behalf of herself and the following similarly situated persons:

> All current and former hourly-paid tipped employees who have been employed by and worked as servers at any of Defendants' First Watch restaurants in the United States at any time during the applicable statutory limitations' period covered by this Collective Action Complaint (*i.e.* two years for FLSA violations and, three years for willful FLSA violations) up to and including the date of final judgment in this matter, and who is the Named Plaintiff or elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b). (Collectively, "the class").[1]

## IV. PARTIES

4. Defendant FW of Tennessee 1, LLC is a Tennessee Corporation with its principal office located at 6480 Kingston Pike, Knoxville, Tennessee 37919. According to the Tennessee Secretary of State, Defendant FW of Tennessee 1, LLC may be served via its Registered Agent: Raja Jubran at 6486 Kingston Pike, Knoxville, Tennessee 37919 or wherever it may be found.

---

[1] Plaintiff reserves the right to modify or amend the Class Description upon newly discovered information gathered through the discovery process.

5. Defendant, Capstone Concepts, LLC, is a Tennessee Corporation with its principal offices located at 6480 Kingston Pike, Knoxville, Tennessee 37919. According to the Tennessee Secretary of State, Defendant Capstone Concepts, LLC may be served via its Registered Agent: James Geib at 6486 Kingston Pike, Knoxville, Tennessee 37919 or wherever it may be found.

6. Defendants constitute an integrated enterprise as that term is defined by 29 U.S.C. § 203(r) because their related business activities are performed through unified operations of common control for a common business purpose.

7. Plaintiff Erica Hobbs has been employed by Defendants as a tipped employee (server) within this district during the applicable statutory limitations' period. Plaintiff Hobbs' Consent to Join this collective action as a Named Representative Plaintiff is attached hereto as *Exhibit A*.

## V. ALLEGATIONS

8. Defendants own, operate, and/or manage First Watch restaurants in the Southeastern United States, including a First Watch restaurant in Chattanooga, Tennessee where Plaintiff Hobbs was employed as a tipped employee (server) during all times material to this Complaint.

9. Defendants likewise have employed similarly situated tipped employees (servers) at their First Watch restaurants during all times material to this action.

10. The primary function of Defendants' restaurants has been to sell and serve predominately breakfast food and beverage items to customers.

11. Defendants have been the "employer" of Plaintiff and those similarly situated within the meaning of 29 U.S.C. § 203(d) during all times relevant to this collective action lawsuit.

12. Defendants employed Plaintiff and those similarly situated and were responsible for establishing and administering their rates of pay during all times material to this lawsuit.

3

13. Defendants have had a centralized timekeeping system to record the compensable work time of Plaintiff and similarly situated tipped employees

14. During all times material, Defendants have had a common plan, policy and practice of compensating Plaintiff and those similarly situated under a tip-credit compensation plan, consisting of compensating tipped employees with only a sub-minimum wage hourly rate of pay and then supposedly crediting tips received by them during their shifts which, when added to the sub-minimum wage pay, would amount to at least the FLSA required hourly rate of pay of at least $7.25.

15. The U.S. Department of Labor's Fact Sheet #15 provides "the maximum tip credit that an employer can currently claim under the FLSA is $5.12 per hour (the minimum wage of $7.25 minus the minimum required cash wage of $2.13).

16. According to the regulation promulgated by the U.S. Department of Labor, "tips are the property of the employee whether or not the employer has taken a tip credit under section (3) of the FLSA." 29 C.F.R. § 531.52.

17. Defendants' budgeted labor policy has forced their management members to encourage, entice, condone, induce, require and/or, suffer and permit, Plaintiff and those similarly situated to perform unrelated (dual occupation),[2] non-tip producing tasks (when not assigned customers), while clocked-in to Defendants' timekeeping system as tipped employees at a sub-minimum wage rate, as well as to perform a significant amount of non-tip producing preparation and maintenance "side work," (in excess of twenty (20%) percent) when assigned customers and for an unreasonable amount of time thereafter, while only receiving a sub-

---

[2] *See* 29 C.F.R. § 531.56(e)

4

minimum wage rate of pay within weekly pay periods during all times material to this collective action.

18. At all times material to this action, Plaintiff and those similarly situated have been "employees" of Defendants as defined by Section 203(e)(1) of the FLSA and, worked for Defendants within the territory of the Unites States within three (3) years preceding the filing of this lawsuit.

19. At all times material to this action, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, with annual revenue in excess of $500,000.00.

20. At all times material to this action, Defendants have been subject to the pay requirements of the FLSA because they have been an enterprise engaged in interstate commerce and their employees have been engaged in interstate commerce.

21. Defendants have and continue to classify Plaintiff and those similarly situated as "tipped employees" while requiring them to routinely perform non-tipped tasks for an unreasonable amount of time when not assigned customers, depriving them of the opportunity to earn tips during a significant portion of their respective shifts.

22. More specifically, Plaintiff and those similarly situated routinely have spent an hour or more of each shift performing non-tipped tasks during periods of time when not assigned customers and of which tasks were unrelated to their tip producing duties (i.e., "dual occupation" duties) including, but not limited to: hosting, sweeping and taking out trash, cleaning restaurant artifacts, décor, lights, windows, stocking ice, cleaning tea bins, wiping down walls and other "back-of-the-house" tasks, such as cleaning sinks, cleaning pipes, and unloading boxes – while only being compensated at a sub-minimum wage rate of pay pursuant to Defendants'

5

tip credit compensation plan rather than at the applicable FLSA minimum wage rate of pay of $7.25 per hour – within weekly pay periods during all times material.

23. In addition, Plaintiff and those similarly situated routinely have spent a significant amount of time (in excess of twenty (20%) percent) during their regularly scheduled shifts performing maintenance and preparation "side work" tangentially related to their tipped occupation (even when assigned customers) but, nonetheless, consisting of non-tip producing tasks (such as refilling sugar caddies, refilling salt and pepper shakers, refilling condiments, cleaning chairs, tables, and booths, as well was performing pre-closing cleaning tasks, such as rolling silverware and sweeping their assigned "section"), while only being compensated at a sub-minimum wage rate of pay pursuant to Defendants' tip credit compensation plan rather than at the applicable FLSA minimum wage rate of pay of $7.25 per hour – within weekly pay periods during all times material.

24. As a result, Plaintiff and those similarly situated are entitled to at least the applicable FLSA minimum wage of $7.25 per hour for all hours performing such "dual occupation" duties, without applying a tip credit.

25. Likewise, Plaintiff and those similarly situated are entitled to at least the applicable FLSA minimum wage of $7.25 per hour for all hours performing unreasonable amounts of maintenance and preparation "side work" without applying a tip credit.

26. The aforementioned unpaid wage claims of Plaintiff and those similarly situated are unified through common theories of Defendants' FLSA violations.

27. The net effect of Defendants' aforementioned plan, policy and practice of requiring Plaintiff and other class members to perform "dual occupation," non-tip producing work at the tip credit rate when not assigned customers, and to perform tasks tangentially related tipped

6

Case 1:20-cv-00168-JRG-CHS   Document 1   Filed 06/22/20   Page 6 of 14   PageID #: 6

occupation, including preparation and maintenance "side work" for a significant amount of time when assigned customers, while only receiving a sub-minimum wage rate of pay for such time, was to stay within their "budgeted labor" cost for each of their restaurants and to save payroll costs and payroll taxes.

28. As a consequence, Defendants have violated the FLSA and thereby enjoyed ill-gained profits at the expense of Plaintiff and those similarly situated.

29. Although at this stage Plaintiff is unable to state the exact amount owed to her and other members of the class, she believes such information will become available during the course of discovery. However, when an employer fails to keep complete and accurate time records, employees may establish the hours worked solely by their testimony and the burden of proof of overcoming such testimony shifts to the employer.

## VI. COLLECTIVE ACTION ALLEGATIONS

30. Plaintiff bring this action on behalf of herself and the class as a collective action pursuant to the FLSA, 29 U.S.C. §§ 206, 207, and 216(b).

31. The claims under the FLSA may be pursued by those who opt-in to this case under 29 U.S.C. § 216(b).

32. The members of the class are so numerous that joinder of all other members of the class is impracticable. While the exact number of the other members of the class is unknown to Plaintiff at this time and, can only be ascertained through applicable discovery, she believes there are at several hundreds of similarly situated hourly-paid tipped employees in the class.

33. The claims of Plaintiff are typical of the claims of the class.

34. Plaintiff and class members similarly were deprived of the applicable FLSA minimum wage rate of $7.25 per hour for all hours worked within weekly pay periods because of Defendants'

7

aforementioned common plans, policies and practices - during all times material to this collective action.

35. Specifically, Plaintiff and other members of the class who work or have worked for Defendants at their First Watch restaurants were subjected to the same operational, compensation and timekeeping policies and practices, including Defendants' failure to pay them the applicable FLSA minimum wage of $7.25 per hour (without applying a tip credit) for unrelated "dual occupation" non-tip producing work (when not assigned customers) and for the significant amount of time spent performing related non-tip producing preparation and maintenance "side work" (when assigned customers and for an unreasonable amount of time thereafter) – within weekly pay periods during all times material.

36. Plaintiff and class members also are similarly situated in that their unpaid wage claims are unified through common theories of Defendants' FLSA violations.

37. Common questions of law and fact exist as to the class which predominate over any questions only affecting other members of the class individually and include, but are not limited to, the following:

- Whether Plaintiff and other members of the class were expected and/or required to perform work without proper compensation;

- Whether Defendants suffered and permitted Plaintiff and other members of the class to perform work without proper compensation;

- Whether Defendants failed to pay Plaintiff and the other members of the class the applicable FLSA minimum wage for all work performed within weekly pay periods during all times material;

- The correct statutes of limitations to be applied for the claims of Plaintiff and other members of the class;

- Whether Plaintiff and other members of the class are entitled to damages from Defendants, including but not limited to liquidated damages, and the measure of the damages; and,

- Whether Defendants are liable for interest, attorneys' interest, fees, and costs to Plaintiffs and members of the class?

38. Plaintiff will fairly and adequately protect the interests of the class as her interests are aligned with those of the other members of the class.

39. Plaintiff has no interests adverse to the class and Plaintiff has retained competent counsel who are experienced in FLSA collective action litigation.

40. The collective action mechanism is superior to the other available methods for a fair and efficient adjudication of the controversy. The expenses, costs, and burden of litigation suffered by individual other members of the class in a collective action are relatively small in comparison to the expenses, costs, and burden of litigation of individual actions, making it virtually impossible for other members of the class to individually seek address for the wrongs done to them.

41. Defendants' failure to pay Plaintiff and class members at least the applicable FLSA minimum wage rate of $7.25 for all hours worked within weekly pay periods during all times material, was willful with reckless disregard for FLSA wage requirements, and without a good faith basis.

42. Plaintiff and other members of the class have suffered and will continue to suffer irreparable damage from the unlawful policies, practices, and procedures implemented by Defendants.

# COUNT I
## FLSA VIOLATION – UNRELATED "DUAL OCCUPATION" VIOLATIONS
**(On Behalf of the Class)**

43. Plaintiff, on behalf of herself and other members of the class, repeats and re-alleges Paragraphs 1 through 43 above, as if they were fully set forth herein.

44. At all times relevant herein, Defendants have been and continue to be an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 206(a) and 207(a).

45. Pursuant to their aforementioned common plans, policies and practices, Defendants have failed to pay Plaintiff and other members of the class the applicable FLSA minimum wage rates for all hours worked during all times material.

46. At all times relevant and based on the aforementioned allegations, Defendants have had a common plan, policy and practice of willfully refusing to pay Plaintiff and other members of the class the applicable FLSA minimum wage of pay for all unrelated "dual occupation" job duties.

47. At all times relevant herein, Defendants' common plan, policy and practice of willfully failing to pay Plaintiff and members of the class at least the required minimum wage rate of $7.25 an hour for all unrelated "dual occupation" job duties constitute an unpaid "minimum wage" claim of Plaintiff and class members.

48. At all times relevant, Defendants have had actual knowledge of refusing to pay Plaintiff and other members of the class for all the aforementioned unrelated "dual occupation" time of at least the applicable FLSA minimum wage rate of pay.

49. Plaintiff and class members' aforementioned unpaid wage claims are unified through a common theory of Defendants' FLSA violations.

50. Defendants' aforementioned FLSA violations were willful and committed without a good faith basis.

51. Defendants' said conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

52. Due to Defendants' aforementioned willful FLSA violations and lack of a good faith basis in committing such violations, Plaintiff and the other members of the class are entitled to recover from Defendants compensation for unpaid minimum wages, an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees, costs, and disbursements relating to this action for the three (3) year statutory period under the FLSA, 29 U.S.C. § 216(b)

**COUNT II**
**FLSA VIOLATION – "RELATED SIDE WORK" VIOLATIONS**
**(On Behalf of the Class)**

53. Plaintiff, on behalf of herself and other members of the class, repeats and re-alleges Paragraphs 1 through 53 above, as if they were fully set forth herein.

54. At all times relevant herein, Defendants have been and continue to be an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

55. At all times relevant herein, Defendants have employed Plaintiff and each of the other members of the class within the meaning of the FLSA.

56. At all times relevant and based on the aforementioned allegations, Defendants have had a common plan, policy and practice of willfully refusing to pay Plaintiff and other members of the class minimum wage for significant amounts of time spent (in excess of twenty (20%) percent) in performing non-tip producing maintenance and preparation "side work" job duties

11

(when assigned customers and for an unreasonable amount of time thereafter) without receiving the applicable FLSA minimum wage rate of pay of $7.25 per hour for such time.

57. At all times relevant, Defendants have had actual knowledge of refusing to pay Plaintiff and other members of the class the applicable FLSA minimum wage rate of pay of $7.25 per hour for all significant amounts of time spent performing non-tip producing maintenance and preparation "side work" job duties (when assigned customers.)

58. As a result of Defendants' willful failure to compensate Plaintiff and other members of the class for at least the applicable minimum wage rate wage for all significant amounts of time (in excess of twenty (20%) percent) spent performing related, but non-tip producing job duties, Defendants have violated and continue to violate the FLSA.

59. Defendants' said violations were willful with reckless disregard for FLSA wage requirements, and without a good faith basis.

60. Plaintiff and class members' aforementioned unpaid wage claims are unified through a common theory of Defendants' FLSA violations.

61. Plaintiff and the other members of the class are therefore entitled to compensation from Defendants for unpaid minimum wages, for all significant amounts of time spent performing related, non-tip producing job duties and an additional amount as liquidated damages, together with interest, costs, and reasonable attorney's fees for the three-year statutory period under the FLSA.

**PRAYER FOR RELIEF**

Whereas, Plaintiff, individually, and/or on behalf of herself and all other similarly situated members of the class, request this Court to grant the following relief against Defendants:

A. Designation of this cause as a collective action on behalf of the class and promptly issue notice pursuant to 29 U.S.C. § 216(a), apprising class members of the pendency of this action and permitting other members of the class to assert timely FLSA claims in this action by filing individual Consents under 29 U.S.C. § 216(b);

B. On Counts I and II, an award of compensation for unpaid minimum wages to Plaintiff and the other members of the class at the applicable FLSA minimum wage rate of pay.

C. On Counts I and II, an award of liquidated damages to Plaintiff and other members of the class; or in the alternative an award of prejudgment interest.

D. On Counts I and II, award post-judgment interest at the applicable legal rate to Plaintiff and other members of the class;

E. On Counts I and II, an award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees to Plaintiff and other members of the class;

F. On Counts I and II, a ruling that the three-year statutory period for willful violations under the FLSA shall apply in this action, and

G. Such other general and specific relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a **trial by jury** on all issues so triable.

Dated: June 22, 2020	Respectfully submitted,

*s/ Gordon E. Jackson*
Gordon E. Jackson (TN BPR #8323)
J. Russ Bryant (TN BPR #33830)
Robert E. Turner, IV (TN BPR #35364)
Nathaniel A. Bishop (TN BPR #35944)
**JACKSON, SHIELDS, YEISER, HOLT, OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*rturner@jsyc.com*
*nbishop@jsyc.com*